**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DANIEL DUFFY**                                                                      **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.: 1:25-CV-60-SA-DAS**

**BABYDUCK'S DIAMONDHEAD LLC D/B/A
THE CAMPHOUSE-DIAMONDHEAD, MS**                              **DEFENDANT**

**FIRST AMENDED COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

**COMES NOW** Plaintiff, Daniel Duffy, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for retaliation against the Defendant, Babyduck's Diamondhead LLC d/b/a The Camphouse-Diamondhead, MS. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**<u>THE PARTIES</u>**

1.      Plaintiff, Daniel Duffy, is a male resident of Hancock County, Mississippi.

2.      Defendant, Babyduck's Diamondhead LLC d/b/a The Camphouse-Diamondhead, MS, may be served with process by serving its registered agent, John Peeples, 751 Pecan Drive, Starkville, Mississippi 39759.

**<u>JURISDICTION AND VENUE</u>**

3.      This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

4.      This Court has subject matter jurisdiction, and venue is proper in this Court.

5.      Plaintiff filed a Charge of Discrimination with the EEOC on March 13, 2025, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on March 21, 2025, a true and correct copy of which is attached as Exhibit

"B."  Plaintiff timely filed this action on April 29, 2025, within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6.      Plaintiff is a 46-year-old white male resident of Hancock County, Mississippi.

7.      Plaintiff was hired on May 4, 2024, as a Kitchen worker at Babyduck's Diamondhead LLC d/b/a The Camphouse-Diamondhead, MS (TCH).

8.      Beginning in late September 2024, Kitchen worker Jonathan Hall (black male) began making aggressive and threatening statements toward Plaintiff.

9.      Mr. Hall became angry and threatening about issues such as where a certain piece of kitchenware was placed or left.

10.      Mr. Hall's angry and threatening behavior toward Plaintiff escalated and on or around October 8, 2024, Mr. Hall tried to get Plaintiff to fight him.

11.      Plaintiff declined but complained to Owner Lee Peoples, Junior (white male) about Mr. Hall's angry and threatening behavior toward him.

12.      Plaintiff stated he planned to contact the police, but Mr. Peoples asked him not to do so and instead the matter would be addressed internally.

13.      Despite this statement by Mr. Peoples, Jr., the matter was not adequately addressed and Mr. Hall continued to make hostile and threatening statements toward Plaintiff.

14.      On or around November 12, 2024, Mr. Hall banged his fist down hard on a table and loudly stated, "I'm going to knock this motherfucker out!" (in reference to Plaintiff).

15.      On November 12, 2024, Plaintiff texted Owner John Lee Peoples, Senior (white male) and wrote, "There has been nothing done to investigate Johnathan's threats

towards me weeks ago. I am continuously being threatened as I walk by him. Be did I it a bit ago. Please check the cameras and audio and you will hear him speak about knocking me out as I walked by. If there is evidence please keep it as I intend on filing a report to the eeoc."

16.    That same day, on November 12, 2024, Plaintiff contacted the EEOC and conducted an initial inquiry.

17.    On December 11, 2024, co-worker Austin LNU (white male) referred to Plaintiff as "white trash".

18.    On December 13, 2024, Mr. Peoples, Senior, met with Plaintiff.

19.    Mr. Peoples asked Plaintiff if the situation he (Plaintiff) wanted to address had to do with the EEOC.

20.    Plaintiff stated it did and that Mr. Peoples, Junior, had not adequately addressed the growing conflict between he (Plaintiff) and Mr. Hall.

21.    On December 16, 2024, Mr. Peoples, Senior, phoned Plaintiff and informed him that he was terminated, allegedly because there was not enough room on the schedule for him and because Plaintiff does not get along with people.

22.    Plaintiff contends these allegations are both false and were a pretext for retaliation against him after he expressed his intention to pursue legally protected complaints to the EEOC.

23.    After he was terminated, Plaintiff filed for unemployment benefits with the Mississippi Department of Employment Security (MDES).

24.    Initially he was denied benefits, allegedly for misconduct connected with the work.

25.    Plaintiff subsequently appealed this decision.

26.     On February 25, 2025, an appeal hearing was held with Administrative Law Judge Timothy W. McGee.

27.     In the hearing, TCH failed to provide sufficient evidence of the alleged misconduct, and the decision was reversed.

28.     Defendant is now collaterally estopped by the MDES' factual determination.

29.     On March 13, 2025, Plaintiff filed an EEOC Charge of retaliation against TCH.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII - RETALIATION

30.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as if fully incorporated herein.

31.     Defendant retaliated against Plaintiff by terminating his employment after he expressed his intention to pursue legally protected complaints to the EEOC.

32.     The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

33.     The unlawful actions of the Defendant complained of above were intentional.

34.     The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

35.     Plaintiff is entitled to protection from retaliation for making complaints or charges of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

36.     The acts of the Defendant constitute a willful intentional violation of Title

4

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT II:  VIOLATION OF 42 U.S.C § 1981 – RETALIATION

37.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38.     Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff after he expressed his intention to pursue legally protected complaints to the EEOC.

39.     Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of 42 U.S.C. §1981.

40.     The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. §1981 and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or future pay in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgement and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 9th day of May 2025.

Respectfully submitted,

Daniel Duffy, Plaintiff

By: /s Louis H. Watson, Jr._____
    LOUIS H. WATSON, JR.  (MB# 9053)
    NICK NORRIS (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com